# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JOSEPH L. BAUMGARTEN, III,         *

Plaintiff                           *

v                                   *        Civil Action No. JFM-13-1493

HOWARD COUNTY DEPARTMENT OF         *
CORRECTIONS, et al.,
Defendants                          *
                                   ***

## MEMORANDUM

Pending is self-represented plaintiff Joseph L. Baumgarten, III's complaint under 42 U.S.C. § 1983 (ECF No. 1). Defendants Howard County Department of Corrections, Jack Kavanagh, and Officer Ogunsola, by counsel, have filed a motion to dismiss. ECF No. 7. Baumgarten has responded[1] (ECF Nos. 12 & 15) and defendants have replied (ECF No. 13). No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md. 2011). For reasons to follow defendants' motion to dismiss IS GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

In this complaint, Baumgarten, currently confined at the Maryland Reception and Diagnostic Center in Baltimore, Maryland, claims defendants hindered his religious practice while he was a detainee at the Howard County Detention Center. Baumgarten, who identifies himself as member of the Jewish faith alleges that he was repeatedly denied Kosher meals while housed at the Howard County Detention Center. ECF No. 1. As redress, he seeks monetary damages. *Id*.

---

[1] Plaintiff's motion for extension of time to file a response (ECF No. 9) shall be granted nunc pro tunc.

## I. Background

This court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 378 (2007); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That review liberally construes plaintiff's pleadings in light of the fact that he is proceeding pro se.

Baumgarten, claims that on February 3, 2013, he wrote to Howard County Department of Corrections for "repeatedly giving [him] non-Kosher food." He was advised on February 13, 2013 that "it [would] be sorted out." On March 29, 2013, he again wrote to the Department of Corrections indicating he was still not being served Kosher food. He received a response on April 8, 2013, indicating that "Due to the issues/work being done in the kitchen during this time period...everyone received bag meals. This was an unavoidable situation." ECF No. 1.

Baumgarten further alleges that on April 8, 2013, at breakfast he was given a regular meal. Lt. Glover advised him that a Kosher meal was not available but they could substitute a lunch or a dinner for a breakfast meal. Baumgarten states he never received the substitute meal. Baumgarten states that the response to his grievance was that dietary indicated he had received a Kosher breakfast. An additional Kosher breakfast was ordered and "should" be delivered in a few days. Id.

On April 10, 2013, Baumgarten states that Defendant Ogunsola was handing out breakfast when Baumgarten advised him that he was to get a juice with breakfast. Ogunsola advised that he would need to verify plaintiff's statements. He took the tray and returned with another non-Kosher meal which looked like it had been "thrown across the room." The response

to Baumgarten's grievance was that "this was an unfortunate incident. Measures are being taken to ensure this doesn't happen again." *Id*.

Baumgarten avers that he personally spoke with Kavanagh who indicated he would meet Baumgarten's religious needs for Kosher meals and advised Baumgarten to stop filing grievances regarding the issue. ECF No. 12. Baumgarten has also provided the court several, but not all, of the grievances he filed regarding his efforts to be provided Kosher meals. *Id*., Exhibits. The grievance dated February 3, 2013, specified that Baumgarten is Jewish. He states that he has been at the detention center since January 18, 2013. The grievance is difficult to read but appears to indicate that despite it being noted he was to get a Kosher meal he had not been provided one for approximately a week. The response to the grievance indicates that someone met with Baumgarten and "a number of the issues (or 'failures') have been addressed. At a meeting it was determined the tray would be Styrofoam. Otherwise items on the menu have been reviewed for the proper kosher markings." *Id*.

The next grievance form provided by Baumgarten, dated March 29, 2013, indicates that he had lost 30 pounds since his arrival at the Detention Center and was continuing to have difficulty receiving the approved Kosher meals. *Id*., p. 2. The notes regarding efforts at informal resolution indicate, "Ms. Johnson said he get regular meal!"(sic) Further review indicated that there was work being done in the kitchen which resulted in everyone getting bagged meals and "the situation was unavoidable." *Id*.

In a grievance dated April 8, 2013, Baumgarten indicated he failed to receive a Kosher breakfast meal. Despite being advised a substitute would be provided, none was. Further review indicated that Ms. Anthony in dietary stated Baumgarten had received a Kosher breakfast and

that additional kosher breakfasts had not been ordered but should be delivered in a few days. *Id.*, p. 3. The grievance dated April 10, 2013, is illegible but the response indicates "an unfortunate incident. Measures are being taken to ensure this doesn't happen again." *Id.*, p. 4. Baumgarten indicates he filed other complaints but does not have copies of same. *Id.*

## STANDARD OF REVIEW

Defendants seek to dismiss plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.[2] *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States has explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with

---

[2] Because plaintiff is self-represented, his filings are "liberally construed" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

the allegations in the complaint." *Id*. at 555.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 677-8 (2009) (*quoting Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Defendants argue that Baumgarten has failed to allege facts to demonstrate a policy or custom of the County is the "moving force" behind the violation of rights as required under *Monell v. New York Dep't of Social Servs*., 436 U.S. 658, 694 (1978). Defendants argue that plaintiff has only pointed to isolated incidents which are insufficient to support a *Monell* claim. ECF No. 7.

Additionally, defendants argue that Baumgarten has failed to allege sufficient facts showing Director Kavanagh had direct involvement in the facts alleged. Further, Officer Ogunsola argues that his delivery of a food tray on one occasion is insufficient to show Ogunsola deprived Baumgarten of his constitutional rights. *Id*.

Lastly, Defendants argue that Baumgarten has failed to allege a constitutional violation and instead claim that Baumgarten alleges he wanted a particular meal and did not receive same on four occasions. They argue he has failed to allege he required a kosher meal for religious purposes and has failed to allege facts that show how the meal was not Kosher. Defendants

indicate that "for instance, lacto-ovo vegetarian meals are available and wholly kosher, even if not labeled a 'kosher' meal." ECF No. 7, p. 3. Defendants note cases where courts have found no violation of federal or constitutional rights where a prison system does not provide a special kosher meals as an institutional policy. *Id*., p. 4.

## ANALYSIS

The complaint is filed pursuant to 42 U.S.C. § 1983, which " ' is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Free Exercise Clause of the First Amendment applies to the states by virtue of the Fourteenth Amendment. *See Employment Division v. Smith*, 494 U.S. 872, 876-77 (1990). It provides that "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. Const. Amend. I. A prisoner, however, does not enjoy the full range of freedoms as those not incarcerated; rather, state action violates a prisoner's constitutional rights if it burdens a prisoner's religious rights and is not reasonably related to a legitimate penological interest. *See Turner v. Safley,* 482 U.S. 78, 89 (1987). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations

underlying our penal system." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987). Inmates retain a right to reasonable opportunities for free exercise of religious beliefs without concern for the possibility of punishment. *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972). That right is not unfettered. Prison restrictions that impact on the free exercise of religion but are related to legitimate penological objectives do not run afoul of the constitution. *See Turner*, 482 U.S. at 89-91.

The test to determine if the restrictions are justified requires examination of whether there is a rational relation between the asserted governmental interest and the regulation in question. In addition, this court must examine: whether there are alternative means of exercising the right asserted; whether accommodation of the right will impact on the orderly operations of the prison; and whether readily available alternatives to the regulation would be less restrictive. *See id.*

An additional consideration in this case is the standard provided by the Religious Land Use and Institutionalized Persons Act (RLUIPA). The Act provides in part that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). RLUIPA establishes a statutory protection for the free exercise of religion that exceeds the requirements of the Free Exercise Clause of the First Amendment. *See Madison v. Virginia*, 474 F.3d 118, 127 (4th Cir.2006) (stating that RLUIPA "requires the States to provide prisoners with religious accommodations that are not compelled by the Constitution"). "'RLUIPA adopts a ... strict scrutiny' standard." *Couch v. Jabe,* 679 F.3d 197, 203 (4th Cir. 2012) (quoting *Lovelace v. Lee*, 472 F.3d 174, 198 n. 8 (4th Cir. 2006)). Under RLUIPA, the

"plaintiff bears the burden of persuasion on whether the policy or practice substantially burdens his exercise of religion. If the plaintiff satisfies this requirement, the government must then prove that the challenged policy is the least restrictive means of furthering a compelling governmental interest." *Couch*, 679 F.3d at 200 (internal citations omitted).

Baumgarten alleges that he is Jewish. A reasonable inference from the documents presented is that a requirement of his religion is he eats Kosher meals and that he was in fact approved for same. He alleges, however, he was repeatedly--not simply on four occasions--denied a Kosher meal. He indicates that he was unable to eat and lost a substantial amount of weight in a relatively short period of time. Baumgarten claims he was denied a religious meal regularly over the several months he was detained at the Detention Center and despite his efforts to resolve the problem, insufficient corrective action was taken. If the evidence supports a finding that the deprivations were isolated incidents rather than a custom or policy, Baumgarten's claim may fail. Such evidence, is however, not before the court.

Similarly, defendants may be correct in their assertion that a correctional facility may escape liability in denying religious meal accommodations based on security or financial concerns. Defendants, however, have provided no information regarding their policy for providing or denying religious meals to inmates at the detention center. Their bald statement that a lacto—ovo vegetarian diet is sufficient to fulfill Baumgarten's religious dietary requirements, is unsupported by an affidavit to that effect, or any documentation that Baumgarten was actually provided a lacto-ovo vegetarian diet.

While the court agrees that Baumgarten has failed to set out sufficient facts as to Defendant Ogunsola who simply delivered a meal tray to Baumgarten on one occasion, the court

disagrees that Baumgarten has failed to state a claim regarding the remaining defendants. In light of the foregoing, the court finds Baumgarten has alleged sufficient facts to withstand defendants' Kavanagh and Howard County Department of Correction's motion to dismiss. Ogunsola's motion to dismiss shall be granted. A separate Order follows.



Date    March 6, 2014                    /s/_____
                                         J. Frederick Motz
                                         United States District Judge